UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

JAN 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

BARBARA WEIGEL,

        Plaintiff,

vs.

KIDNEY CENTERS OF MICHIGAN, LLC,
d/b/a DAVITA

        Defendant.

_____/

Civil Action No.
05-CV-74677-DT

HON. BERNARD A. FRIEDMAN

To all Counsel of Record:

    Defendant DaVita, Inc., has removed this case from Wayne County Circuit Court. The Court has reviewed the removal notice and believes that it may be procedurally defective, for it appears that the removal notice may not have been filed within the 30-day period prescribed by 28 U.S.C. § 1446(b).[1]

    In the ninth paragraph of its Notice of Removal, Defendant DaVita acknowledges that the Plaintiff's Amended Summons and Complaint was served on its registered agent, who then forwarded the Amended Summons and Complaint to Defendant DaVita on November 14, 2005. (Def.'s Notice of Removal ¶ 9.) Defendant DaVita filed its Notice of Removal on December 8, 2005. Although Defendant DaVita asserts that its Notice of Removal was timely filed from the date on which it received the Amended Summons and Complaint from its registered agent,

---

    [1]Section 1446(b) states, in relevant part, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Defendant DaVita does not state when the registered agent itself was actually served with Plaintiff's Amended Summons and Complaint. (Id.) Michigan law states that "[s]ervice of process upon a corporation, whether domestic or foreign, may be made by (1) leaving a summons and a copy of the complaint with . . . the resident agent . . . ." MCL § 600.1920 (1996). In other words, the date on which a plaintiff's summons and complaint is served upon a corporation's designated agent is the date on which the 30-day time period for filing a removal notice begins to run. Thus, in a case such as this, where Defendant does not provide the date on which its registered agent was served, the Court cannot independently verify if the removal notice was timely filed.

The Sixth Circuit has held that a district court cannot *sua sponte* remand a case "for purely procedural defects" in the notice of removal. Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). A notice of removal that fails to comply with the 30-day filing requirement of Section 1446(b) is considered to be procedurally defective. See id. at 131. A district court may not remand a case that is procedurally defective "unless [that defect is] raised in a plaintiff's motion within thirty days after removal." Id. See also 28 U.S.C. § 1447(c). If plaintiff does not file such a motion, the plaintiff is considered to have waived any objection to the procedural defect in the removal notice and accepted the federal forum for the case. See Page, 45 F.3d at 134. Therefore, in the case now before the Court, if Plaintiff desires to seek remand of the case to state court, she must file an appropriate and timely motion seeking such relief.

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: 1 . 9 . 06
Detroit, Michigan

2

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

Patricia Foster Holmes, Secretary to Chief Judge Friedman